(Cuyahoga Co. O, Common Pleas Oourt.)
October 15, 1897.

## G. S. WARNER AND MONROE WARNER, PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF THE FIDELITY LAW & COLLECTION AGENY, v. CHARLES H. MARR.

---

1. Where a petition on its face shows that an account is barred by the statute of limitations and the defendant pleads the bar of the statute, the burden of showing that the defendant was absent from the state, so as to prevent the running of the statute, is upon the plaintiff.

2. In such case where the plaintiff replies that the defendant was absent from the state, he cannot prove such fact in chief, but must show it in rebuttal.

3. In such a case, where the defendant offered no proof but rested as soon as the plaintiff rested, the court directed the jury to find a verdict for the defendant.

---

ONG, J.

The plaintiff brought his action on an account and prayed judgment for the sum of three hundred and seventy-eight dollars, with interest from October 1, 1895.

The first item of the account was dated September 18, 1884; the last item, No-

vember 29, 1886; the suit was commenced October 8, 1895.

The defendant set up the bar of the Statute of Limitations.

The plaintiff in his second amended reply, plead as follows:

For their second amended reply to defendant's answer, the plaintiffs say that it is not true that they ought not to have or maintain this action, for that said cause of action did not accrue to plaintiffs within six years prior to the beginning of said action; plaintiffs further say, that during a large portion of the time elapsing between the accruing of said cause of action and the beginning of this suit, the defendant was absent from the state of Ohio; that the extent of said absence is definitely known to defendant and not to plaintiffs, but plaintiffs are informed and believe that said absence of defendant from this state, was from some time in the year 1887, until some time in the year 1892.

Plaintiff proved the allegations of his petition and rested.

Defendant then immediately rested. The court after argument of counsel, directed the jury to bring a verdict for the defendant without leaving their seats, which was accordingly done.

A. T. Holmes, Attorney for plaintiff.

Willson & David, Attorneys for Defendant.